IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERI BURDINE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-03391 |
| | § | |
| QUIKTRIP CORPORATION and KENNETH | § | |
| MOON | § | |
| Defendants. | § | |

---

**DEFENDANTS' NOTICE OF REMOVAL**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant QuikTrip Corporation hereinafter, "Defendants" in the cause styled "Sheri Burdine v. QuikTrip Corporation and Kenneth Moon" originally pending as Cause No. DC-20-15580 in the 162nd Judicial District Court of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis for removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. Plaintiff is a citizen of the State of Texas, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff Sheri Burdine, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

QuikTrip Corporation ("QuikTrip"), at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Oklahoma with its principal place of business in Tulsa, Oklahoma.  QuikTrip Corporation has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

Kenneth Moon ("Moon"), at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a citizen and resident of the State of Texas. However, for the reasons discussed below, Moon is not a proper party to this action and has been improperly and/or fraudulently joined, and hence his citizenship should not be considered for purposes of removal.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about July 24, 2020, she slipped and fell on a puddle of water on the floor created by a melted piece of ice.  Plaintiff filed suit on October 15, 2020, in the 162nd Judicial District Court, Dallas County, Texas, alleging premises-liability, negligence, and negligence *per se* causes of action against Defendants.

## IV.
## IMPROPER/FRAUDULENT JOINDER

Since Plaintiff improperly named Kenneth Moon as a defendant, his citizenship should be disregarded for purposes of diversity jurisdiction.[1]  Although Plaintiff alleges theories of liability against QuikTrip, she does not set forth any allegations against Moon other than acts taken in performance of his duties at QuikTrip.[2] Plaintiff did not plead any facts that would allow Plaintiff to recover from Moon in his individual capacity, and, in fact, did not allege that Moon owed any separate or independent duty of reasonable care to Plaintiff apart from his employer's duty.

Improper/fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against an employee based on the pleaded facts.[3] Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[4]

In Texas an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party ***apart from the employer's duty***.[5] Case law is replete with opinions finding that store managers and employees do not owe an independent duty of care to patrons who were injured on store property.[6] Actions by an employee or officer taken in the

---

[1]     *See generally,* Pl's' Orig. Pet., attached hereto as <u>Exhibit 2</u>.

[2]     *Id.* at p. 4, ¶¶ 5.04 – 5.05, pp. 5-6, ¶¶ 8.01 – 9.03.

[3]     *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

[4]     *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[5]     *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).

[6]     *See, e.g., Kopczynski v. Wal-Mart Stores Texas, L.P.*, No. H-10-4507, 2011 WL 902237, at *4-7 (S.D. Tex. March 14, 2011) (not designated for publication) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005) and *Leitch*, 935 S.W.2d at 117-18); *Gaston v. Wal-Mart Stores Texas, LLC*, No. H-09-4094, 2010 WL 1426876, at *6-8 (S.D. Tex.

course and scope of employment, whether active or passive, are actions of the corporation on behalf of the employer.[7]

In this case, Plaintiff's only allegations concerning Moon deal with alleged duties he may have owed in his capacity as a QuikTrip employee and are not distinct from those which QuikTrip, itself, would allegedly owe.[8] Specifically, Plaintiff alleges both QuikTrip and Moon breached duties to: (1) use ordinary care to keep the subject premises in a reasonable safe condition; (2) inspect the premises to discover defects; (3) ensure the floor was clear of spills; and (4) warn Plaintiff – none of those duties were independently owned by Moon as QuikTrip's employee.[9] Therefore, Plaintiff alleges no facts that would support that Moon owed Plaintiff any duty independent and apart from QuikTrip duty.[10]

There is no possibility that Plaintiff can maintain a cause of action against Moon based on the pleaded facts, because there is no allegation to support an independent duty apart from his employer's duty that Moon owed to Plaintiff. Moon, therefore, has been improperly joined in this matter and his citizenship should be disregarded. Upon properly disregarding Moon's

---

April 8, 2010) (not designated for publication) (citing same); *Gonzalez v. Wal-Mart Stores*, No. 10-CV-120, 2010 WL 1417748, at *1-3 (W.D. Tex. March 31, 2010) (not designated for publication) (citing same).

[7]    *Leitch v. Hornsby,* 935 S.W.2d at 118.

[8]    *See Id.*; *McKinney v. Home Depot, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (not designated for publication) (concluding that a store manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999) (denying plaintiff's motion to remand, and noting that the plaintiff made no allegations that the store manager owed "her any independent duty or duty of reasonable care, apart from that which his employer owed any store patron").

[9]    *See*, Pl's' Orig. Pet., at p. 3, ¶¶8-13.

[10]    *Leitch v. Hornsby,* 935 S.W.2d at 118; *see also Kopczynski v. Wal-Mart Stores Texas, LP,* 2011 WL 902237, at *4-7 (S.D. Tex. Mar. 14, 2011) (co-employees and managers owed no independent duty to employee despite allegations they personally participated in negligent acts).

citizenship, it is clear that complete diversity exists between the remaining proper parties in this case.

## V.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00.  In her Original Petition, Plaintiff pleads that she seeks "monetary relief in excess of $1,000,000."[11] As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[12]

## VI.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."  28 U.S.C. § 1446(b). Defendant first became aware this case was removable on or about October 11, 2019, when Defendant was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days thereafter.  Moreover, less than one year passed since the commencement of the action in state court on October 3, 2019.  28 U.S.C. § 1446(b).

## VII.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division encompasses the county in which the removed action has been pending.

---

[11]      *See* Pl's' Orig. Pet., at p. 4, ¶19.

**VIII.**
**PROCEDURAL REQUIREMENTS**

Defendant has also filed with the Clerk of the 162nd Judicial District Court of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for this Honorable Court's reference:

A.    State court docket sheet (as of 11/13/2020);

B.    Plaintiff's Original Petition (10/15/2020);

C.    Jury Demand (10/15/2020);

D.    Citation to QuikTrip Corporation (10/20/2020);

E.    Citation to Kenneth Moon (10/20/2020); and

F.    Defendant QuikTrip Corporation's Original Answer (11/12/2020).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet; and

- Certificate of Interested Persons

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division. Praying further, Defendants seek such other and further relief, both at law and in equity, to which they are justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the counsels of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on November 13, 2020.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**