# EXHIBIT A

Exhibit A

## Case Information

DC-20-15580 | SHERI BURDINE vs. QUICKTRIP CORPORATION, et al

Case Number
DC-20-15580

Court
162nd District Court

Judicial Officer
MOORE, MARICELA

File Date
10/15/2020

Case Type
PROPERTY

Case Status
OPEN

## Party

PLAINTIFF
BURDINE, SHERI

Active Attorneys ▾
Lead Attorney
WYATT, PAULA A.
Retained

DEFENDANT
QUICKTRIP CORPORATION

Address
SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

DEFENDANT
MOON, KENNETH

Address
2605 CELEDONIA VOCE
GARLAND TX 75043

## Events and Hearings

10/15/2020 NEW CASE FILED (OCA) - CIVIL

10/15/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

10/15/2020 ISSUE CITATION ▾

ISSUE CITATION-QUIKTRIP CORPORATION

ISSUE CITATION-KENNETH MOON

10/15/2020 ISSUE TRO ▾

Comment
SEE NOTES

10/15/2020 JURY DEMAND ▾

JURY DEMAND

10/20/2020 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
KENNETH MOON

10/20/2020 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
QUIKTRIP CORPORATION

11/12/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

## Financial

BURDINE, SHERI

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $368.00 |
| | Total Payments and Credits | | | $368.00 |
| 10/15/2020 | Transaction Assessment | | | $368.00 |
| 10/15/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 65104-2020-DCLK | BURDINE, SHERI | ($368.00) |

## Documents

ORIGINAL PETITION

JURY DEMAND

ISSUE CITATION-QUIKTRIP CORPORATION

ISSUE CITATION-KENNETH MOON

ORIGINAL ANSWER

# EXHIBIT B

**Exhibit B**

FILED
10/15/2020 2:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-20-15580

CAUSE NO. _____

| | | |
|---|---|---|
| SHERI BURDINE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | 162ND |
| | § | |
| v. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| QUIKTRIP CORPORATION and KENNETH MOON, | § | |
| | § | |
| *Defendants.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, APPLICATION FOR TEMPORARY INJUNCTION, AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Sheri Burdine, files this, her Original Petition and Request for Temporary Restraining Order, and Requests for Disclosure, complaining of Defendants, QuikTrip Corporation and Kenneth Moon.

## I.
## DISCOVERY

1.     Plaintiff intends to conduct discovery in this suit under Level Three, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

## II.
## PARTIES

2.     **Plaintiff.** Sheri Burdine is a natural person and all times relevant to this cause of action has been and continues to be resident of New Braunfels, Comal County, Texas.

3.     **Defendant.** QuikTrip Corporation ("QuikTrip"), is an Oklahoma Corporation doing business in the State of Texas.  Defendant QuikTrip can be served with citation through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

4.     **Defendant.**  Kenneth Moon. ("Moon") is a natural person and all times relevant to this cause of action has been and continues to be resident of Garland, Dallas County, Texas Defendant Moon can be served with citation via private process at his residence, 2605 Caledonia Cove, Garland, Texas 75043.

### III.
### VENUE

5.     Venue is proper in Dallas County, Texas, pursuant to Texas Civil Practices and Remedies Code §15.002(a)(1) in that all or a substantial part of Plaintiff's cause of action occurred in Dallas County, Texas.

### IV.
### FACTS

6.     On July 24, 2020, Plaintiff and her boyfriend stopped for gasoline at the QuikTrip store located at 1610 W. Scyene Road, Mesquite, Texas ("the subject premises"). At all times relevant hereto, the subject premises was owned by Defendant QuikTrip and operated by Defendant Moon.  While her boyfriend refueled, Plaintiff entered the subject premises to use the bathroom.  As she walked past the ice machine, Plaintiff slipped and fell on a puddle of water on the floor created by a melted piece of ice. Because the puddle was clear, Plaintiff was unable to see it and no warning signs were present near the puddle. Furthermore, Defendants did not place any anti-slip mats in front of the ice machine.  As a result of the incident Plaintiff suffered severe and debilitating injuries.

### V.
### CAUSES OF ACTION

7.     Plaintiff contends that she committed no negligent acts or omissions that contributed to the injuries of Plaintiff.

2

### A. PREMISES LIABILITY

8.      At all times relevant hereto, Plaintiff had the status of an invitee on the subject premises, as a lawful, paying guest of Defendant QuikTrip.

9.      At all times relevant hereto, the subject premises was owned by Defendant QuikTrip and operated by Defendant Moon.

10.     Defendants owed Plaintiff a duty to use ordinary care to keep the subject premises in a reasonably safe condition, including the duty to protect invitees from unreasonable risks of harm or to warn them of the risks so they could avoid them.  Defendants also had a duty to inspect the premises to discover defects and are charged with constructive knowledge of any premise defects or other dangerous conditions that a reasonably careful inspection would reveal. Specifically, Defendants had a duty to ensure the floor was clear of spills and to warn Plaintiff of any spills on the floor.  Moreover, Defendants should have foreseen that ice commonly falls and melts whenever patrons or employees use the machine and placed anti-slip mats in front of the machine to eliminate the risk of falls.

11.     The conditions of puddle created by the melted ice on the floor and the absence of an anti-slip mat in front of the ice machine created an unreasonable risk of harm to Plaintiff which proximately caused Plaintiff's injuries.

12.     Defendants breached their duty to inspect the premises to discover defects and are charged with constructive knowledge because they allowed the spilled ice to remain on the floor long enough to melt and form a puddle.

13.     Defendants breached their duties to Plaintiff by failing to make the premises safe and by failing to give adequate warnings to alert invitees or warn them of the dangers associated with the puddle on the floor.

### B. NEGLIGENCE AND NEGLIGENCE PER SE

14.     Further, Defendants had a duty to exercise the degree of care that a reasonably careful convenience store owner and operator would use to avoid harm to others under circumstances similar to those described herein. A reasonably careful convenience store owner and operator would have placed anti-slip mats in front of the ice machine and inspected the area in front of the ice machine to ensure it was free of ice and puddles created by melted ice.

15.     Defendants breached their duty of ordinary care by failing to place anti-slip mats in front of the ice machine and allowing spilled ice to remain on the floor long enough to form a puddle.

### C. CAUSATION

16.     Defendants' breaches of duties, singularly or in combination, proximately caused Plaintiff's injuries and damages.

### VI.
### DAMAGES

17.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe personal injuries, pain, suffering, disability, impairment, and incurred reasonable and necessary medical expenses for the care and relief of her injuries.  For a long time to come, if not for the rest of her life, Plaintiff will continue to suffer physical injuries, impairment, pain and suffering.  Additionally, as a result of the incident, Plaintiff will incur reasonable and necessary medical expenses in the future.

18.     Plaintiff Sheri Burdine now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

19.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff asserts that she is seeking monetary relief in excess of $1,000,000.00.

## VII.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
### TEMPORARY RESTRAINING ORDER.

20.     Respondents/Defendants QuikTrip and Moon have committed Wrongful Acts. Movant/Plaintiff has filed suit in this matter, but the Respondents/Defendants have yet to file an answer. Plaintiff's Original Petition is on file with this court and incorporated herein by reference. Plaintiff's Original Petition included claims for negligence on the part of Respondent/Defendant.

21.     Movant/Plaintiff Has a Probable Right to Relief. This case involves serious and debilitating injuries sustained by a Plaintiff. These injuries occurred through no fault of Plaintiff. The facts of this case will clearly demonstrate that the acts and/or omissions of the Respondents/Defendants caused the injuries to Plaintiff. As such, Movant/Plaintiff has a probable right to relief on the merits.

22.     Movant/Plaintiff Will Suffer Probable Injury if Injunctive Relief is Not Granted. The harm is imminent. It is necessary for Movant/Plaintiff to have Respondents/Defendants preserve any surveillance footage and any incident reports stemming from the subject incident in order to preserve material evidence necessary for the proper investigation and/or determination of the facts and circumstances in question in connection with Movant/Plaintiff's claims under applicable Texas law.

23.     Movant/Plaintiff will sustain imminent and irreparable harm if the relief requested herein is not granted. Movant/Plaintiff has been informed and believes, and on such information and belief, alleges that Respondents/Defendants and/or their respective agents, servants and/or employees have already begun their investigation of the incident made the basis of this lawsuit, that the subject evidence is not being preserved by any investigative authorities, and that material evidence may be lost, altered or destroyed.

24.     The Probable Injury will be irreparable if injunctive relief is not granted.   If Respondents/Defendants are not prevented or denied from doing any additional investigation, alteration, or moving of evidence, Defendants could engage in modifications, alterations, or moving of evidence that will impair the development and prosecution of this case.

25.     It is critical to the investigation and proof of the Movant/Plaintiff's claims, alleged herein and in Plaintiff's Original Petition incorporated by reference, that the material evidence is preserved.   Relief is requested in order to accumulate and preserve material evidence, which is necessary for the proper investigation and/or determination of the true facts and circumstances in question in connection with Movant/Plaintiff's claim.

26.     Movant/Plaintiff Has No Adequate Remedy at Law.   There is no legal remedy available to Movant/Plaintiff that will protect her rights and interests in this litigation if critical physical evidence is moved, lost, destroyed, or modified. There are no reliable methods of calculating damages to Movant/Plaintiff if such physical evidence is lost, destroyed, or modified.

27.     Movant/Plaintiff has acted timely and is willing to post a bond.   The undersigned law firm was recently hired by Movant/Plaintiff to prosecute the causes of action stated herein against Respondents/Defendants and has attempted to reach an agreement concerning the preservation of the subject evidence.

28.     Movant/Plaintiff believes that time is of the extreme essence in obtaining the relief requested herein and that, under this emergency situation, there is not enough time to serve notice on Respondents/Defendants and hold a hearing, although Movant/Plaintiff will make every reasonable effort to notify Respondents/Defendants of a hearing on their application for Temporary Restraining Order and/or Temporary Injunction.

**TEMPORARY INJUNCTION**

29.     Movant/Plaintiff incorporates the foregoing paragraphs by reference as well as the original pleadings on file in this matter.

30.     Movant/Plaintiff hereby prays for a temporary injunction prohibiting the following acts by Respondents/Defendant until such time as may be ordered by the Court or agreed to by the parties:

> Altering, modifying, damaging, destroying, conveying, transferring, or in any way changing: the condition of any video footage of the subject incident; any incident reports; any documents identifying all employees on duty at the time of the subject incident; and any and all other pertinent evidence.

31.     Movant/Plaintiff is willing to post a bond.

32.     Movant/Plaintiff further requests that the Respondents/Defendants be cited  to appear and show cause and that upon such hearing, a Temporary Injunction be issued enjoining the Respondents/Defendants, their respective agents, servants, employees, representatives or anyone acting at their direction or in concert with said Respondents/Defendants from altering, modifying, damaging, destroying, or in any way changing the condition of any video footage of the subject incident; any incident reports, and any documents identifying all employees on duty at the time of the subject incident until at least such time as Movant/Plaintiff has had a full opportunity to inspect, photograph, videotape, copy and examine same and additionally for the duration of this litigation as necessary.

33.     Movant/Plaintiff further requests that after temporary injunction hearing, this Honorable Court issue a Temporary Injunction directing Respondents/Defendants, to allow Movant/Plaintiff and/or their representatives full and complete access to the subject evidence herewith and relevant to the incident.

## VIII.
## CONDITIONS PRECEDENT

34.     All conditions precedent have been performed or have occurred to support the Plaintiff's pleadings and causes of action.

## IX.
## REQUESTS FOR DISCLOSURE

35.     Pursuant to Texas Rule of Civil Procedure 194, Defendants are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-l).

## X.
## REQUEST FOR JURY TRIAL

36.     Plaintiff respectfully requests a trial by jury and has paid the jury fee.

**WHEREFORE,** Plaintiff requests that Defendant be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendant for:

1.      All medical expenses in the past and future;

2.      Physical pain in the past and future;

3.      Impairment in the past and future;

4.      Prejudgment and post judgment interest as allowed by law;

5.      Costs of suit; and

6.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**Wyatt Law Firm, PLLC**
Oakwell Farms Business Center
21 Lynn Batts Lanes, Suite 10
San Antonio, Texas 78218
Tel.: (210) 340-5550
Fax: (210) 340-5581
E-service: e-serve@wyattlawfirm.com

By:     /s/Paula A. Wyatt
        Paula A. Wyatt
        State Bar No. 10541400
        Gavin McInnis
        State Bar No. 13679800
        Louis Durbin
        State Bar No. 24078448
        **ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS                §

COUNTY OF DALLAS              §


## VERIFICATION


BEFORE ME, the undersigned Notary Public, on this day personally appeared Louis Durbin, who, after being duly sworn, stated under oath that he is the attorney for the Plaintiff in this action, that he has read the Application for Temporary Restraining Order; and that every statement contained in the motion is within his personal knowledge and is true and correct.

_____
Louis Durbin


SUBSCRIBED AND SWORD TO BEFORE ME by Louis Durbin, on this the _1st_ day of October 2020.

_____
Notary Public in and for the
State of Texas

JACK DENNIS DELUNA
Notary Public, State of Texas
Comm. Expires 12-04-2022
Notary ID 130023721

10

# EXHIBIT C

**Exhibit C**

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-20-15580

SHERI BURDINE

vs.

QUICKTRIP CORPORATION, et al

162nd District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: SHERI BURDINE

FEE PAID: 40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

# EXHIBIT D

**Exhibit D**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:     **QUIKTRIP CORPORATION**
        **BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
        **1999 BRYAN ST. STE. 900**
        **DALLAS  TX 75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHERI BURDINE**

Filed in said Court  **15th day of October, 2020** against

**QUIKTRIP CORPORATION AND KENNETH MOON**

For Suit, said suit being numbered **DC-20-15580,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which
accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 20th day of October, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        GAY LANE

---

**ESERVE**

**CITATION**

**DC-20-15580**

**SHERI BURDINE**
**vs.**
**QUICKTRIP CORPORATION, et al**

ISSUED THIS
**20th day of October, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
PAULA A. WYATT
WYATT LAW FIRM LTD
21 LYNN BATTS LANE
SUITE 10
SAN ANTONIO TX  78218
210-340-5550
**E-SERVE@wyattlawfirm.com**



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-20-15580

Court No.162nd District Court

Style: SHERI BURDINE

  vs.

QUICKTRIP CORPORATION, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of_____County, _____ |  |
| For Notary | $_____ | By_____Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# EXHIBIT E

**Exhibit E**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **KENNETH MOON**
       **2605 CALEDONIA COVE**
       **GARLAND TX  75043**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **SHERI BURDINE**

Filed in said Court  **15th day of October, 2020** against

**QUIKTRIP CORPORATION AND KENNETH MOON**

For Suit, said suit being numbered **DC-20-15580,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 20th day of October, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      GAY LANE



---

**ESERVE**

**CITATION**

**DC-20-15580**

**SHERI BURDINE**
**vs.**
**QUIKTRIP CORPORATION, et al**

ISSUED THIS
**20th day of October, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff**
PAULA A. WYATT
WYATT LAW FIRM LTD
21 LYNN BATTS LANE
SUITE 10
SAN ANTONIO TX  78218
210-340-5550
**E-SERVE@wyattlawfirm.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-20-15580

Court No.162nd District Court

Style: SHERI BURDINE

 vs.

QUICKTRIP CORPORATION, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | For serving Citation | $_____ | _____ |
| | For mileage | $_____ | of_____County, _____ |
| | For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____